```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

| | |
|---|---|
| **SWISS REINSURANCE AMERICA CORPORATION,** as successor in interest to **GE REINSURANCE CORPORATION,** an Illinois corporation and to **KEMPER REINSURANCE COMPANY,** an Illinois corporation<br><br>        Plaintiff,<br><br>   v.<br><br>**ACCESS GENERAL AGENCY, INC.,** a Georgia corporation; **ACCESS CLAIMS ADMINISTRATORS, INC.,** a Georgia corporation; and **ACCESS GENERAL INSURANCE AGENCY OF CALIFORNIA;** a California corporation,<br><br>        Defendants. | No. 07 C 3954 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Swiss Reinsurance America Corporation ("Swiss Re") brought this action to recover losses incurred by two of its predecessors-in-interest arising out of various agreements with defendants Access General Agency, Access Claims Administrators, and Access General Insurance Company of California (collectively, the "Access Entities"). Defendants have moved under Fed. R. Civ. P. 12(b)(6) and 12(b)(7) to dismiss plaintiff's First Amended Complaint. For the following reasons, I grant the motion.

I.

Swiss Re's predecessors-in-interest, GE Reinsurance Corporation and Kemper Reinsurance Company, entered into two

insurance programs in which they agreed to reinsure certain losses of insurers State National Insurance Company ("State National") and Harleysville Mutual Insurance Company ("Harleysville").  Each of theses insurers contracted with one or more of the Access Entities to manage and administer their respective reinsurance programs.  Swiss Re alleges that the Access Entities breached the contracts by mishandling the claims they were responsible for administering, and that Swiss Re's predecessors suffered losses as a result.

## II.

A motion to dismiss tests the sufficiency of a complaint but does not rule on its merits.  *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering a motion to dismiss, I must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).  The complaint must, nevertheless, allege sufficient factual material to suggest plausibly that the plaintiff is entitled to relief.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

## III.

Defendants argue for dismissal on three grounds: (1) that plaintiff's claim is time-barred under applicable statutes of limitation; (2) that plaintiff fails to join Harleysville, a necessary party; and (3) that the complaint inappropriately "lumps

2

together" defendants and thus fails properly to state a claim against any defendant.[1]

Defendants' statute of limitations argument is premature. Indeed, one of the very cases defendants cite in their opening brief, *Comdisco Ventures, Inc., v. Fed. Ins. Co.*, 2005 U.S. Dist. LEXIS 11710 (N.D. Ill. 2005), held that "affirmative defenses such as statute of limitations are not grounds for dismissal under Rule 12(b)(6)" (citing *U.S. Gypsum Co., v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003)). As the Seventh Circuit held in *U.S. Gypsum*, a complaint need not overcome anticipated defenses. *U.S. Gypsum,* at 626.

Specifically in the statute of limitations context, the Seventh Circuit held in *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002) that a Rule 12(b)(6) dismissal based on an untimely complaint is appropriate only where the affirmative defense is so glaring from the face of the complaint that the suit can be regarded as frivolous. *Id.* at 1009-10 (illustrating the principle with the observation that "a personal-injury suit filed 100 years after the date of the injury as stated in the complaint" would be frivolous). This is not such a case. Indeed, the parties agree that one of the statutes of limitations defendants assert (relating to indemnifications actions) is shortly to be examined by the Supreme

---

[1] Pursuant to a consent order entered on March 25 2008, defendants agreed to withdraw the additional grounds asserted in their motion.

3

Court of Illinois in light a split of authority regarding its applicability in cases such as this. I cannot conclude at this stage that either of the statutes defendants assert (the second of which relates to actions against insurance producers) bars plaintiff's claims.

Defendants' next argument, that plaintiffs should have joined Harleysville as an indispensable party, is without basis in the documents properly before me. In their opening brief, defendants argue that Harleysville, not Swiss Re, owns any claims arising out of the asserted agreements. In their reply brief, as well as in their motion to strike the affidavit of Leonardo Casanas (the "Casanas Affidavit"), which I address below, defendants modify their argument to assert that Harleysville is indispensable because it retained certain losses pursuant to its reinsurance agreement with GE Reinsurance.

Resolving first the issue of whether I may consider the Casanas Affidavit, which plaintiff attached to its response to defendants' motion, I find that because the Casanas Affidavit appropriately responds to factual issues raised by defendants pertaining to indispensable parties, I may consider it. *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993).[2] Defendants urge me to strike the Casanas Affidavit under *English* on the ground that it is

---

[2]Defendants' motion to strike the Casanas Affidavit is therefore denied.

inconsistent with the complaint. The purported inconsistency is that the Casanas Affidavit "states that Harleysville did not sustain any losses," while, as Swiss Re concedes, the reinsurance agreement between Harleysville and GE Reinsurance provides that Harleysville would retain a portion of its losses.

Defendants mischaracterize the Casanas Affidavit. In fact, the affidavit does not make the sweeping assertion that Harleysville sustained no losses; it merely states that plaintiff sustained the losses for which it seeks recovery in this action. Nothing in the complaint suggests that plaintiff seeks to recover any losses Harleysville retained pursuant to its contract with GE Reinsurance. To the contrary, the complaint clearly states that plaintiff seeks to recover its own losses.

Turning to whether Harleyville's contractual retention of losses makes it an indispensable party to this action, I find that it does not. To the extent Harleysville may also have a claim against defendants (as they suggest by arguing that Swiss Re could or should have joined Harleysville as a plaintiff), defendants do not explain how any rights Harleysville may have would be adversely affected if this action were adjudicated without compelling their joinder. If, indeed, Harleysville has an interest in the transactions that are the subject of this action, it is free to intervene pursuant to Fed. R. Civ. P. 24.

Defendants also argue that the amended complaint should be dismissed as a whole for "lumping together" the three separate Access entities. This argument is colorable. In just two substantive counts, the complaint alleges breaches of four different agreements (at least some of which are alleged to incorporate one or more additional agreements)[3] by three ostensibly separate corporate entities. Not all of the defendants were parties to each agreement, however. As defendants assert, non-parties to a contract are not liable for its breach. *Santella v. Grishaber*, 672 F.Supp. 321 (N.D. Ill. 1987).

Plaintiff responds that because the Access entities are mere "alter egos" of one another, each may appropriately be held liable for the acts of the others. This theory may or may not have merit, but it lacks support in the complaint. While a complaint need not contain legal theories, it must plead sufficient factual material to "raise a right to relief above the speculative level." *Bell Atlantic v. Twombley*, 127 S.Ct. 1955, 1965 (2007). Here, the only allegation in plaintiff's complaint that would support a finding of contract liability based on corporate veil piercing is the allegation that the three entities shared a corporate officer. Standing alone, this is insufficient to state a plausible claim based on an "alter ego" theory.

---

[3]A total of seven agreements are attached as exhibits to the amended complaint.

Plaintiff seems also to suggest that regardless of its "alter ego" theory, it is appropriate to lump defendants together because certain agreements signed by one defendant incorporate by reference other agreements signed by other defendants.  Plaintiffs concede, however, that not all of the agreements are enforceable against all of the defendants on this basis.  Setting aside the "alter ego" theory, the amended complaint fails to state clearly which entity it seeks to hold responsible for which alleged breach.

IV.

For the reasons discussed above, I grant defendants' motion. The amended complaint is dismissed with leave to file a second amended complaint.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated:  August 1, 2008